**ADMINISTRATIVE ORDER MISC. DOCKET NO. 96–9078.**

Supreme Court of Texas.

Concurring Opinion of Justice Enoch Feb. 29, 1996.

March 1, 1996.

## ORDER

Having considered a recommendation adopted by the State Bar of Texas Board of Directors at its January 19, 1996 meeting in El Paso, Texas, the Court orders the following:

**Whereas,** third-year Texas law students currently have access to a course and book entitled *A Guide to the Basics of Law Practice,* which provide information on the fundamentals of law practice, including business considerations and issues of professionalism, topics not currently included in the curricula of Texas law schools; and which course and book are produced by the Texas Center for Legal Ethics and Professionalism, a nonprofit public foundation whose mission is to improve the ethics and professionalism of the state's lawyers; and

**Whereas,** at least fifteen other states require lawyers to take a course in professionalism as a condition of licensure or within a set period of time after licensure, Texas does not. Nor does Texas require a legal internship or legal experience as a condition of licensure. The Court is of the opinion that *A Guide to the Basics of Law Practice* can effectively help bridge the gap between law school and law practice.

**Whereas,** all new Texas lawyers should be required to complete the course. The course is currently offered at each of the state's law schools to third-year students, and qualifies for four hours of MCLE ethics credit. The Texas Center for Legal Ethics and Professionalism, as course sponsor and provider, is committed and suited to be the course sponsor. In the event other Continuing Legal Education providers seek and obtain approval from the Texas Supreme Court to provide a comparable program of study to that currently offered by the Texas Center for Legal Ethics and Professionalism, this order may be amended to authorize additional providers.

Therefore, it is **ORDERED** that all lawyers licensed in the State of Texas on and

after July 1, 1996, are required to take the course entitled *A Guide to the Basics of Law Practice,* sponsored by The Texas Center for Legal Ethics and Professionalism. The Texas Center for Legal Ethics and Professionalism shall offer the course a number of times each year in cities where law schools are located. The requirement of course attendance may be satisfied by a prospective lawyer taking the course within twelve months before licensure, or within twelve months after licensure. Report of who has completed the course shall be made by The Texas Center for Legal Ethics and Professionalism to the Clerk of the Court, or as otherwise directed. Four hours ethics MCLE credit will be given to those who complete the course. The Texas Center for Legal Ethics and Professionalism, as course provider, may charge a modest fee for course attendance, which fee, as well as course content, shall be subject to review by the Court. This ORDER shall be effective for those lawyers licensed in the State of Texas on and after July 1, 1996.

Concurring Opinion by ENOCH, J.

/s/ Thomas R. Phillips
Thomas R. Phillips, Chief Justice

/s/ Raul A. Gonzalez
Raul A. Gonzalez, Justice

/s/ Nathan L. Hecht
Nathan L. Hecht, Justice

/s/ John Cornyn
John Cornyn, Justice

/s/ Craig Enoch
Craig Enoch, Justice

/s/ Rose Spector
Rose Spector, Justice

/s/ Priscilla Owen
Priscilla Owen, Justice

/s/ James Baker
James Baker, Justice

/s/ Gregory Abbott
Gregory Abbott, Justice

ENOCH, Justice, concurring to Supreme Court Order.

I have joined the Court in signing the order in Miscellaneous Docket No. 96–9078. I accept the recommendation and wisdom of requiring soon-to-be and newly licensed attorneys to have specific education in law practice skills (I note we already test applicants on their competence in legal ethics as a part of their bar examination requirements). But while I may accept that the Texas Center for Legal Ethics and Professionalism would be the appropriate body to certify which educational programs meet the standard necessary to satisfy this requirement, I question whether we should go so far as to designate a specific provider and a specific course, as we do in this case, to which the applicants must go to fulfill this new requirement.